```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

HUDSON B. JONES,                  )
                                  )
            Petitioner,           )
                                  )
       v.                         )      No. 4:06CV160(CEJ)
                                  )
TROY STEELE,                      )
                                  )
            Respondent.           )
```

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Hudson B. Jones for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 [Doc. #1]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, petitioner will be granted leave to proceed in forma pauperis.

### The petition

According to the petition, on May 11, 1992, petitioner was sentenced to life in prison by the Circuit Court for the City of St. Louis, Missouri. There is no indication that petitioner sought direct review of his conviction and sentence. It appears, however, that petitioner sought and was denied collateral review of his conviction and sentence pursuant to Rule 29.15 of the Missouri Rules of Criminal Procedure. It further appears that the denial of petitioner's Rule 29.15 motion was affirmed on

appeal in July 1993. In the instant petition, petitioner asserts that he was denied effective assistance of counsel.

**Discussion**

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted on April 24, 1996, amended Title 28 U.S.C. § 2244(d)(1) to provide that a one-year period of limitations applies to an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). Relevant to this case, the limitation period runs from the date petitioner's judgment became final by conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1). Under state law, petitioner's judgment became final for purposes of direct appeal when judgment and sentence were entered - which appears from the petition to be May 11, 1992. See Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. 1979). Petitioner had ten days after the judgment became final to file a notice of appeal. Mo. R. Crim. P. 30.01(d). Thus, petitioner's judgment became final, for purposes of the one-year limitation, on or about May 21, 1992.

Because petitioner's conviction became final prior to the enactment of the AEDPA, petitioner had a one-year grace period from the enactment date - or until April 24, 1997 - to file a § 2254 action in federal court. See Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999); Moore v. United States, 173 F.3d 1131 (8th Cir. 1999). The instant § 2254 petition, however, was

not filed until February 3, 2006 - nearly nine years after the expiration of the one-year grace period.  Consequently, the instant § 2254 petition is time-barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk receive and file the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without prepayment of the required filing fee.  28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition is time barred.

An appropriate order shall accompany this memorandum and order.

Dated this 14th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE